IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY HAL SALITERMAN,<br><br>Defendant. | Case No. 24-cr-0072-PJS-LIB<br><br>**MOTION TO SEAL THE UNREDACTED INDICTMENT AND MEMORANDUM OF LAW** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Matthew D. Greenley, Assistant United States Attorney, acting under authority conferred by 28 U.S.C. § 515, moves the Court for an Order to indefinitely seal the Indictment, Doc. No. 1 ("sealed Indictment"). The United States makes this motion to protect the dignity and privacy of the witness who was named as the target of the tampering alleged in Count Two of the Indictment. On March 15, 2024, the United States filed a redacted Indictment, Doc. No. 8 ("redacted Indictment"), which is identical to the sealed Indictment, except that the witness's name in Count Two has been redacted. The Defendant has received a copy of the sealed Indictment which identifies the witness by name.

During the Defendant's first appearance, the Honorable Elizabeth Cowan Wright ordered the undersigned to file a written motion addressing the basis for sealing the Indictment. A party may move to seal a document under Local Rule 49.1(d). Local Rule 49.1(d) requires the party to (i) identify the document filed under temporary seal; (ii)

explain why the document should remain under seal; (iii) address whether the document may be redacted; and (iv) propose a specific date when the document will be unsealed.

I.  IDENTITY OF THE DOCUMENT FILED UNDER TEMPORARY SEAL

During the return of the Indictment in the above-captioned matter, the United States moved to seal the Indictment, Doc. No. 1, and the Honorable David S. Doty granted the motion to seal.  On March 15, 2024, the United States filed a redacted copy of the Indictment at Doc. No. 8.

Count Two of the redacted Indictment reads as follows:

The Grand Jury Charges:

From in or around 2023 until the date of this Indictment, in the District of Minnesota,

JERRY HAL SALITERMAN,

did knowingly intimidate, threaten, and corruptly persuade REDACTED that if she did not keep her mouth shut, he would take her down with him and distribute sex tapes of her to her family with intent to hinder, delay and prevent REDACTED from communicating information to the FBI relating to the theft, concealment, and extortion of the ruby slippers, a federal offense in violation of Title 18, United States Code, Section 668,

In violation of Title 18, United States Code, Section 1512(b)(3).

II.  THE INDICTMENT, DOC. NO. 1, SHOULD REMAIN UNDER SEAL

The Indictment discloses the name of the witness who was named as the target of the tampering alleged in Count Two of the Indictment.  Count Two describes an obscene

2

threat to distribute private sexual images of a witness in this case if she spoke to the FBI about her knowledge of the Defendant's involvement in the theft and concealment of the ruby slippers.  The United States avers that even linking the witness's name to the existence of private sexual images would subject the witness to the kind of serious injury that the Defendant threatened.  Disclosure of her name invites ignominy and scandal, effectuating the Defendant's threat, thereby compounding the harm and potentially dissuading the witness from disclosing information in this case.

An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.  United States v. Gay, 577 F.2d 465, 466 (8th Cir. 1978) (affirming a jury conviction where the indictment charged an assault against "campers" and did not list them by name).  In this case, there is no concern about the Defendant having fair notice of the charge if the publicly available Indictment is redacted.  The Defendant has a copy of the sealed indictment identifying the affected witness by name.

The Eighth Circuit has upheld indictments that do not identify victims by name. United States v. Evans, 272 F.3d 1069, 1084 (8th Cir. 2001).  In Evans the indictment did not list Mann Act victims by name, nor did the jury instructions.  Id.  In the case involving the transportation of individuals in interstate commerce for prostitution, the defendant complained that the jury instructions did not identify the victims.  Id. at 1077 The Eighth Circuit affirmed the conviction while notifying it has upheld indictments that do not describe victims by name at all.  Id. at 1084.

Access to an indictment is protected by the First Amendment, and sealing names can be sustained only if it "is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." 776 F.2d 1104, 1112 (3d. Cir. 1985) (citing Press-Enterprise v. Superior Court of California, 464 U.S. 501, 510 (1984)).  Here, the United States has a compelling interest in protecting the privacy and dignity of its witnesses, and it has offered a narrowly-tailored solution.  In Press-Enterprise, the press sought access to a portion of a bill of particulars that was filed under seal and listed unindicted co-conspirators.  Id. at 1105.  The Third Circuit held that the district court narrowly tailored relief to protect the unindicted co-conspirators from predictable reputational harm by prohibiting public access to the government's list of co-conspirators and would only disclose the names if they were subsequently indicted.  Id. at 1114.  The court could not perceive a more restrained means to protect the individuals from the threatened injuries.  Id.

The United States has a compelling interest in protecting victims from publicity of their intimate sexual details.  For example, Rule 412 of the Federal Rules of Criminal Procedure "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders."  Fed. R. Crim. P. 412 advisory committee's note to 1994 amendments; see

4

also United States v. Nix, 912 F.2d 982, 986 (8th Cir. 1990) (the purpose behind rule 412 is to protect the victim's privacy and to encourage reporting of sexual assaults).

Additionally, crime victims have the right to be treated with respect for the victim's dignity and privacy.  18 U.S.C. § 3771.  This law enshrines the very interest the United States seeks to protect here.

In this case, the United States seeks the same restrained means used in Press-Enterprise to protect the victim of the alleged witness tampering from predictable reputational harm and invasion of privacy.  By redacting the witness's name, the public has been informed of the totality of the alleged crime, while preserving the government's compelling interest in not exposing one of its witnesses to the very harm it is trying to deter through criminal prosecution.  Publication of the witness's name would not only have a chilling effect on this witness's participation in this case, but it would potentially chill other victims from participating in prosecutions where their privacy would be violated.

III.    THE INDICTMENT MAY BE REDACTED

Redaction is the least restrictive means to protect the witness from harm to reputation and privacy, and the United States has already filed a redacted copy of the Indictment.

IV.    A REDACTED INDICTMENT HAS ALREADY BEEN UNSEALED

Because the redacted Indictment is already publicly available, the United States requests that the sealed Indictment remain sealed so as not to identify the witness on Pacer, which is widely accessible.  Moreover, this case in particularly continues to draw

5

nationwide attention, which would impact the witness's privacy to a far greater extent than the typical victim identified in an indictment.

V.   CONCLUSION

For the reasons stated herein, the United States requests the Court extend the Order sealing the Indictment indefinitely.

Dated: March 18, 2024

                                MAC SCHNEIDER
                                United States Attorney

By:   /s/ *Matthew D. Greenley*
      MATTHEW D. GREENLEY
      Assistant United States Attorney
      Acting Under Authority Conferred by
         28 U.S.C. § 515
      MN Bar ID 034252X
      655 First Avenue North, Suite 250
      Fargo, ND  58102-4932
      (701) 297-7400
      matthew.greenley@usdoj.gov
      Attorney for United States