UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Docket No. 24-72

| United States of America, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | DEFENDANT JERRY HAL |
| | ) | SALITERMAN'S MOTION TO |
| vs, | ) | CONTINUE DATES SPECIFIED |
| | ) | IN THE ARRAIGNMENT NOTICE |
| Jerry Hal Saliterman, | ) | AND SCHEDULING ORDER |
| | ) | (Docket 15) AND TRIAL NOTICE |
| Defendant. | ) | (DOCKET 17) |

\*                               \*                               \*

Because of the nature and expected length of this case counsel has applied via a separate filing in the District Court and Court of Appeals for certification of his representation in this matter as "extended" and "complex" within the meaning of Title 18, United States Code, Section 18 U.S.C. § 3161(h)(7)(B)(ii). Those courts have not ruled as of this filing. Defendant now moves this Court for a continuance of the dates set in the Arraignment Notice and Scheduling Order (Docket 15) and Trial Notice (Docket 17).

The Court should find that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), grant this motion for extension of the deadlines in Docket 15 and trial date (May 20, 2024), as set in the Trial Notice Order (Docket 17)), and exclude any consequent delay resulting from the granting of this motion from the computation of the speedy trial time because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A), for the following reasons that counsel has discussed with Defendant and with which Defendant agrees and adopts as his own

statement of reasons.

The Grand Jury charged Defendant on 13 March 2024 with Count One, Theft of Major Art Work, Title 18, United States Code, Section 668 and Count Two, Witness Tampering, Title 18, United States Code, Section 1512(b)(3), committed over a thirteen-year period from 2005 to 2018 (Count 1) and 2023 to 2024 (Count 2). Indictment at 1-2 (Docket 1). Besides covering a period of fourteen years, the Indictment alleges the subject matter of Count 1 to be the iconic pair of "ruby slippers" worn by Judy Garland in the 1939 film "The Wizard of Oz," a subject of considerable national public interest as demonstrated by interest in this matter from the *NYTimes*, *CNN*, *Hollywood Reporter*, *CBS, Barron's, Smithsonian Magazine, Associated Press, Wall Street Journal, et alia.*

In its Arraignment Notice and Scheduling Order (Docket 15) the Magistrate Judge ordered the Government to make its Rule-16 disclosures by 26 March 2024. On Friday, 22 March 2024, at 4:31 p.m. the Government notified the undersigned counsel that it was sending the disclosures *that day,* 4:31 p.m., via USPS on a computer hard drive with the directive for counsel to "download the material and return the drive to our office within seven days." [1]

The disclosures on the hard drive are said to consist of 35,000 pages. When the hard drive had not arrived by the following Tuesday, 26 March, 2024, the court ordered deadline for the Government to make Rule-16 disclosures, counsel telephoned the United States Attorney's Office in Fargo, North Dakota, to find out why the delay. That office was at a loss regarding the

---

[1] The Government could have just given the hard drive to counsel, but it wanted the hard drive back, leaving to counsel the time consuming and expensive task of having the 35,000 pages of discovery downloaded to a different hard drive so the original could be returned to the Government.

2

delay.  Again, on Thursday, 28 March 2024, when the hard drive still had not arrived, counsel again called the US Attorney's Office.  The speaker at the US Attorney's Office had checked on the errant hard drive's progress toward Minneapolis and found that the mail person had forgotten to affix postage to it on the original mailing six days earlier on 22 March 2024, hence the delivery failure.  The speaker assured counsel she would load the disclosures on another hard drive (described as a process that would take overnight) on Thursday night, 28 March 2024, and send it via FedEx  overnight to counsel.  Already three days overdue, the vagabond hard drive finally turned up on counsel's door step on Friday, 29 March 2024.  Being conscientiously mindful of his own obligation under the Order (Docket 15) to make his disclosures by 2 April 2024 counsel immediately took the hard drive to a computer expert to have the hard drive copied, a process he was told would cost in the neighborhood of 400 to 500 dollars and with the Easter holiday intervening would take several days.  At this filing, on 3 April 2024 counsel has still not had access to the discovery.  Since counsel has not had access to the Government's disclosures, it was not possible for him to comply with the required Rule-16 disclosures on 2 April 2024.

      To digest this massive load of discovery and master the allegations in the Indictment is a Herculean task.  This will require devotion of substantial hours to the project, in addition to maintaining service to counsel's other obligations.  Most significantly, as counsel for Keon Pruitt in the District of Minnesota RICO prosecution of 40 Defendants, *United States vs. Montez,* et al., Docket No. Criminal 23-160.

## CONCLUSION

In this matter, the volume of the evidence to be reviewed, covering more than fourteen

years of alleged criminal activity; the anticipated number of witnesses; the anticipated length of the trial; the very serious nature of the criminal activity alleged all combine to permit the Court to certify the representation as "extended" and "complex," and to grant this application for extension of the deadlines and trial date, and exclude any consequent delay in granting this application from the computation of the speedy trial time because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A).

Thus, counsel respectfully requests the continuance of the existing deadlines.

Dated:  3 April 2024                          Respectfully submitted

                                              JOHN C. BRINK, LAWYER

                                              /s/ John C. Brink
                                              John C. Brink
                                              A.R. #11587
                                              3730 Edmund Boulevard
                                              Minneapolis, Minnesota 55406
                                              Cellular: 612-382-6789
                                              Email: johncharlesbrink@gmail.com

                                              ATTORNEY FOR DEFENDANT