IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>JERRY HAL SALITERMAN,<br><br>          Defendant. | Case No. 0:24-cr-00072<br><br>**UNITED STATES' RESPONSE TO DEFENDANT JERRY HAL SALITERMAN'S MOTION TO CONTINUE DATES SPECIFIED IN THE AMENDED ARRAIGNMENT NOTICE AND SCHEDULING ORDER (Doc. 28)** |

      The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Matthew D. Greenley, Assistant United States Attorney, respectfully submits this response to the Defendant's request for a continuance until "well into 2025." As noted in the Defendant's motion, the United States does not object to a trial date set within calendar year 2024. The United States requests that the Court grant the Defendant's motion in part, and set a trial date no later than the end of January, or six months from now, absent compelling reasons that would permit the Court to make findings that justify a longer continuance.

      The Defendant moves for a continuance of the Speedy Trial Act deadline under 18 U.S.C. § 3161(h)(7)(B)(ii), which provides that the Court may grant a continuance on the basis of the ends of justice served by the continuance outweighs the best interest of the public and the Defendant in a speedy trial. "Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason." United States v. Keepseagle, 30 F.4th 802, 815 (8th Cir. 2022). The Defendant primarily

seeks a continuance for the review of discovery.[1]  The Defendant received most of the government's disclosures by March 29, 2024 (Doc. 20 at 3).

The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance, whichever is later.  18 U.S.C. § 3161(c)(1).  The "Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."  Zedner v. United States, 547 U.S. 489, 497 (2006).  Section 3161(h) lists periods of delay that are excluded in computing time within trial must start "to provide the necessary flexibility" in criminal cases.  Id.

The factors a judge considers include "whether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established" and if the trial is not novel or complex, whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."
18 U.S.C. § 3161(h)(7)(B)(ii); (iv).

Here, the United States provided complete discovery involving a seven-year investigation of numerous targets involved in the theft and extortion of the ruby slippers.  While the government's theory is not complex, and it only involves one Defendant, there is a substantial amount of evidence of the Defendant's role which was gathered over a seven-year period.  However, "[e]ven when a case is undisputedly complex, complexity

---

[1] The Defendant states the discovery is not searchable, however, the USAO will provide "load files" upon request—in addition to the image files already provided—so that the Defendant can search the discovery using a document review platform.

per se is not an excuse for an indefinite delay or a means of circumventing the requirements of the Speedy Trial Act." United States v. Pikus, 39 F.4th 39, 54 (2d 2022). "The length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case." Id. A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the Barker factors. United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006) (referring to the four-factor balancing test to evaluate a Sixth Amendment claim for pretrial delay under Barker v. Wingo, 407 U.S. 514, 530 (1972)). The Eighth Circuit has not addressed whether ends-of-justice continuances granted under § 3161(h)(7) may be open ended. United States v. Grady, 88 F.4th 1246, 1256 (8th 2023).

While the United States acknowledges the time demands placed on the Defendant, as well as the Defendant's Sixth Amendment right to competent representation, there are countervailing interests in this case to a long continuance. In addition to the public's right to a speedy trial, one potential trial witness, Terry Jon Martin,[2] is in poor health and may become unavailable due to health concerns. Mr. Martin's PSIR noted that he qualified for Hospice care, requires 24-hour oxygen, and near-constant assistance. If Mr. Martin is not available for trial, the United States would be prejudiced by the inability to call Mr. Martin. The United States believes Mr. Martin colluded with the Defendant and either provided the ruby slippers to the Defendant or helped the Defendant acquire the

---

[2] Mr. Martin plead guilty to theft of major artwork, 18 U.S.C. § 668, in a related case, 0:23-cr-00193-PJS-LIB.

ruby slippers. Nonetheless, the United States will be prepared for trial whether Mr. Martin is available or not.

In addition to Mr. Martin's precarious health, Count Two of the Indictment involves a charge of witness tampering against an individual who is a victim of alleged sex extortion. The Crime Victim's Rights Act provides that victims have a right to proceedings free from unreasonable delay. 18 U. S.C. § 3771(a)(7). United States requests a reasonable limit on the requested continuance to balance the Defendant's need for a continuance against the victim's interest in a resolution to this case.

For the foregoing reasons, the United States respectfully requests the Court grant the Defendant's motion in part, and set a trial date no later than January 30, 2024.

Dated: July 26, 2024

                                      MAC SCHNEIDER
                                      United States Attorney

By:    /s/ *Matthew D. Greenley*
        MATTHEW D. GREENLEY
        Assistant United States Attorney
        Acting Under Authority Conferred by 28 U.S.C. § 515
        MN Bar ID 034252X
        655 First Avenue North, Suite 250
        Fargo, ND 58102-4932
        (701) 297-7400
        matthew.greenley@usdoj.gov
        Attorney for United States