IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY HAL SALITERMAN,<br><br>Defendant. | Case No. 0:24-cr-00072<br><br>**UNITED STATES' RESPONSE TO DEFENDANT JERRY HAL SALITERMAN'S MOTION TO CONTINUE DATE FOR CHANGE OF PLEA HEARING (Docket 39)** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Matthew D. Greenley, Assistant United States Attorney, respectfully submits this response to the Defendant's motion to continue the Change of Plea Hearing set for January 10, 2025. The Defendant correctly states that the United States does not object to the motion to continue as long as the Defendant remains unable to travel to the courthouse for the hearing.

Rule 11(b)(1) requires that "before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1). Further, Rule 43(a) requires the Defendant to be present at the plea. Fed. R. Crim. P. 43(a)(1). None of the exceptions to the mandatory appearance apply in this case. Fed. R. Crim. P. 43(b). The Eighth Circuit had not addressed whether videoconferencing satisfies the physical presence requirement. See United States v. Braman, 33 F.4th 475, 479n.3 (8th Cir. 2022) (citing a 5th Circuit holding prior to the CARES Act that videoconferencing did not satisfy Rule 43's physical presence requirement, but concluding the court need not address the issue). However, Rule 5 and Rule 10—hearings which are excluded from the presence requirement—explicitly permit defendants to appear by video conference. Fed.

R. Crim. P. 5(g) & 10(c). Post CARES Act, Rule 62 specifically permits holding a plea hearing by video conference, but only under certain circumstances and only following a declaration of a Criminal Rules emergency, which is also not applicable here. Fed. R. Crim. P. 62(e). Thus, if it is impossible for the Defendant to attend the Change of Plea Hearing, the government has no basis to object to a continuance of the hearing.

The extension of time should be excluded under the Speedy Trial Act due to the Defendant being unavailable for the Change of Plea Hearing or trial, and the Defendant being physically unable to stand trial. 18 U.S.C. § 3161(h)(3)&(4). The United States respectfully requests the Change of Plea Hearing be reset to the next available date, or upon notice that the Defendant has been released from the hospital.

Dated: January 8, 2025

                                        MAC SCHNEIDER
                                        United States Attorney

By:   /s/ *Matthew D. Greenley*
      MATTHEW D. GREENLEY
      Assistant United States Attorney
      Acting Under Authority Conferred by 28 U.S.C. § 515
      MN Bar ID 034252X
      655 First Avenue North, Suite 250
      Fargo, ND 58102-4932
      (701) 297-7400
      matthew.greenley@usdoj.gov
      Attorney for United States